# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**FILISA D. HADDIX,**

    Plaintiff,

v.                                     **CIVIL ACTION NO.: 3:15-CV-109 (GROH)**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Michael J. Aloi. Magistrate Judge Aloi entered the R&R on September 27, 2016. ECF No. 25. In the R&R, Magistrate Judge Aloi recommends the Court grant the Plaintiff's Motion for Summary Judgment [ECF No. 20] because substantial evidence does not support the Administrative Law Judge's ("ALJ") denial of the Plaintiff's application for disability insurance benefits. Magistrate Judge Aloi recommends the Court deny the Commissioner's Motion for Summary Judgment [ECF No. 22], and that this case be remanded.

### I. Background

Filisa Haddix ("Plaintiff") received supplemental security income ("SSI") as a child, from 1998 through 2011. Pursuant to the rules, upon becoming an adult, the Plaintiff's eligibility for benefits was re-determined. The Plaintiff's redetermination claim was

initially denied on August 30, 2011, and again denied upon reconsideration on April 12, 2012. The Plaintiff then requested a hearing, which was held before an Administrative Law Judge ("ALJ"), who determined that the Plaintiff was not disabled. The Appeals Council denied the Plaintiff's request for review, and she filed her complaint in this Court on September 9, 2015. Thereafter, the Plaintiff filed a motion for summary judgment on February 4, 2016. ECF No. 20. The Commissioner filed her motion for summary judgement on March 7, 2016. ECF No. 22. Magistrate Judge Aloi then entered the R&R on September 27, 2016. ECF No. 25.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must review *de novo* those portions of the magistrate judge's findings to which a party objects. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived as to that issue. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Therefore, this Court will conduct a *de novo* review only as to those portions of the R&R to which any party objects and will review the remaining portions of the R&R for clear error.

### B. Review of the ALJ Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the

2

Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case *de novo* when reviewing disability determinations."); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").

**C.    Evaluation Process**

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds the claimant is disabled or not disabled at a certain step, the ALJ does not proceed to the next step. Id. At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. The ALJ then determines whether the claimant has a severe impairment at step two. Next, the ALJ Determines whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conducts a Residual Functional Capacity

3

("RFC") assessment.  At step four, the ALJ considers the RFC assessment to determine whether the claimant can perform past relevant work. Finally, during step five the ALJ Considers the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.  See Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, the ALJ found the Plaintiff was not disabled from any time between October 28, 2009, the alleged onset date of her disability, through December 31, 2011, when she was last insured.

### III. Discussion

Upon careful consideration of the record, the parties' motions, and the R&R, the Court finds that Magistrate Judge Aloi committed no clear error with regard to the portions of the R&R to which the Commissioner filed no objections.  The Commissioner only objects to the Magistrate Judge's R&R for failing to "address whether Plaintiff currently had deficits in adaptive functioning."  ECF No. 26 at 2.  Accordingly, the Court now considers, *de novo*, whether Magistrate Judge Aloi adequately considered the Plaintiff's current deficits in adaptive functioning, or lack thereof.

In her objections, the Commissioner points to the ALJ's discussion of the Plaintiff's daily activities as supporting her contention that the Plaintiff does not currently have deficits in adaptive functioning, and therefore, is not disabled under the Act.  However, as Magistrate Judge Aloi noted in his R&R, "[t]he absence of certain deficits does not preclude the absence of others."  ECF No. 25 at 15.  Moreover, the Magistrate Judge

4

explicitly stated that evidence in the record supports finding that the Plaintiff suffers from deficits in adaptive functioning; specifically, the Plaintiff submitted evidence that deficits exist in the areas of functional academic skills, social/interpersonal skills and communication. Further, the Plaintiff has consistently demonstrated remarkably low IQ scores over the course of her life. In reviewing the ALJ's decision and the record as a whole, the Court concurs with the Magistrate Judge's recommendation to remand this matter for further consideration. Specifically, the Court finds that the ALJ's determination that the Plaintiff did not suffer from deficits in adaptive functioning is not supported by substantial evidence.

## IV. Conclusion

Accordingly, because substantial evidence does not support the ALJ's decision, the Court **OVERRULES** the Commissioner's objection. Upon review of the above, it is the opinion of this Court that the Report and Recommendation [ECF No. 25] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that the Plaintiff's Motion for Summary Judgment [ECF No. 20] be **GRANTED** and the Commissioner's Motion for Summary Judgment [ECF No. 22] be **DENIED**. The Court further **ORDERS** that this matter be **REMANDED** for further action in accordance with the R&R.

It is so **ORDERED**.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter a separate order of judgment in favor of the Plaintiff.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** December 14, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE